UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EUGENE SAMPSON,

      Plaintiff,                                   Case No. 2:18-cv-12106

v.                                            Hon. Sean F. Cox

CATHY M. GARRETT, *et al.*,

      Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Timothy Eugene Sampson, a state inmate incarcerated at the Chippewa

Correctional Facility, has filed a *pro se* complaint pursuant to 28 U.S.C. § 1983. The Court granted

plaintiff's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the

filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint,

the court summarily dismisses the case.

### I. Background

Plaintiff is incarcerated as a result of his Wayne County Circuit Court conviction for first-

degree murder, conspiracy to commit first-degree murder, felon in possession of a firearm, and

commission of a felony with a firearm. Facts surrounding plaintiff's conviction were summarized

in the opinion denying him relief on direct appeal:

> Defendants' convictions arise from the death of Brandon Buck, whose
> unrecognizable body was discovered inside a burning minivan during the early
> morning hours of April 18, 2011. In September 2011, a witness, Ayesha White, came
> forward and reported observing the events that led to Buck's death. White was the
> only witness to the events, and was the only reason authorities were able to
> determine whose body was found in the van. White stated that she was present when
> Warner, at Sampson's direction, shot Buck. Afterward, Cummings obtained a

1

minivan and Buck's body was placed inside, and then Cummings poured gasoline inside the minivan and set it on fire. An autopsy determined that Buck was already dead before the fire, having died from multiple gunshot wounds.

*People v. Sampson*, 2014 Mich. App. LEXIS 1017, 2014 WL 2553303 (Mich. App. June 3, 2014).

The complaint names thirteen defendants: (1) Cathy M. Garrett - Wayne County Clerk, (2) Margaret VanHouten - Wayne Circuit Judge, (3) Jason Williams - Assistant Wayne County Prosecutor, (4) Mary Casey - Judge VanHouten's Law Clerk, (5) Unknown Wayne County Clerk, (6) Kim Worthy - Wayne County Prosecutor, (7) County of Wayne, (8) Jane Doe - court reporter, (9) Jonathan Simon - plaintiff's appellate counsel, (10) Michael Harrison, Assistant Wayne County Prosecutor, (11) Patricia Fresard, Wayne Circuit Judge, (12) Unknown Wayne County Officials, and (13) Wayne Circuit Court.

The prolix complaint makes allegations regarding the alleged misconduct, conspiracy, and acts of retaliation by the defendants during plaintiff's state court appeal. Plaintiff seems to chiefly allege that the defendants conspired and retaliated against him by failing to provide him with an accurate and complete record of proceedings in the trial court, depriving him of the ability to successfully pursue appellate relief in the state courts. The complaint seeks monetary damages in the amount of $3,800,000.

## II. Standard

Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. Discussion

Plaintiff alleges that the various actions by the defendants resulted in his continued confinement by virtue of his unlawful conviction when they scuttled his state court appeal by failing to provide him with an accurate and complete record of his trial court proceedings. In addition to the the fact that some of the defendants named in the complaint are not state actors, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), are immune from suit, *Welch v. Texas Dep't. Highways*, 483 U.S. 468, 472 (1987), or are not legal entities capable of being sued at all, *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992, n.1 (6th Cir. 1994), plaintiff's complaint is barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck* the Supreme Court held that claims such as those raised by plaintiff in this action may not be brought in a civil suit:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

3

*Id.*, 512 U.S. at 486-87.

The allegations in Plaintiff's complaint, if true, would necessarily imply the invalidity of his conviction. He asserts that he had valid claims to raise in his state court appeal, but he was unable to fully and fairly raise them because the defendants did not provide him with a complete and accurate record. Accordingly, under *Heck*, his complaint must be dismissed.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). In fact, plaintiff has filed a petition for writ of habeas corpus in this Court raising claims regarding the provision of a complete and accurate record during his state court appeal. *See Sampson v. Horton*, E.D. Mich. No. 18-cv-10020, Dkt. 1 at 9-10. That case is pending.

## IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**IT IS SO ORDERED**.

Dated:  July 19, 2018                                    s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge


I hereby certify that on July 19, 2018, the foregoing document was served on counsel of record via

electronic means and upon Timothy Sampson via First Class mail at the address below:

Timothy Eugene Sampson
492307
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784

s/J. McCoy             
Case Manager
