UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SAMPSON,

          Plaintiff,          Case No.  2:18-cv-12106
                                              Hon. Sean F. Cox

v.

CATHY M. GARRETT, ET AL,

          Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 7]**

Plaintiff Timothy Sampson, a state prisoner, filed this case under 42 U.S.C. § 1983. Plaintiff asserts in his complaint that the defendants, employees and officials of the Wayne Circuit Court and the Wayne County Prosecutor's Office as well as his defense attorneys, all denied him access to his state criminal records preventing him from raising meritorious claims on state collateral review and in his pending federal habeas case. The complaint seeks monetary damages as well as injunctive relief. The Court summarily dismissed the case under the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Presently before the Court is Petitioner's motion for reconsideration. Petitioner asserts that *Heck* does not apply to his case because in addition to damages, he seeks prospective injunctive relief in the form of access to his records.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the

case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The elements of a viable access-to-courts claim in the Sixth Circuit are: (1) "a nonfrivolous underlying claim", (2) "obstructive actions by state actors", (3) "'substantial[] prejudice' to the underlying claim that cannot be remedied by the state court", and (4) "a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (internal citations omitted). Despite Petitioner's arguments to the contrary, success in this suit would necessarily imply the invalidity of his conviction, and is thus subject to *Heck's* favorable termination rule. For Plaintiff to prevail he must demonstrate that he has a nonfrivolous underlying appellate claim, which in turn would imply the invalidity of his conviction. See *Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012); *Ray v. Hogg*, 2007 WL 2713902, *6 (E.D. Mich. September 18, 2007). It should also be noted that Petitioner has a remedy in his pending federal habeas case to obtain access to the records of his state criminal proceeding as the Respondent will be required under Rule 5 to file the relevant parts of the state court record. Accordingly, Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: September 21, 2018          s/Sean F. Cox
                                                          Sean F. Cox
                                                          U. S. District Judge

I hereby certify that on September 21, 2018, the foregoing document was served on counsel of record via electronic means and upon Timothy Sampson via First Class mail at the address below:

Timothy Eugene Sampson 492307
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784

                                                           s/J. McCoy
                                                           Case Manager